**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE VIELMAN GOMEZ CARRETO, an individual, on behalf of himself and all other plaintiffs similarly situated, known and unknown,<br><br>Plaintiff,<br><br>v.<br><br>DUBLIN BAR AND GRILL, INC., an Illinois corporation, FREYDOUN CHAMANARA, an individual, and MARCOS CASTILLO, an individual,<br><br>Defendants. | ) | Case No. 1:26-cv-3618 |

**<u>COLLECTIVE ACTION COMPLAINT</u>**

The Plaintiff, Jose Vielman Gomez Carreto, on behalf of himself and all other plaintiffs similarly situated, known and unknown, by and through his attorney, Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Dublin Bar And Grill, Inc., an Illinois corporation, Freydoun Chamanara and Marcos Castillo (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq*., and the Chicago Minimum Wage and Paid Sick Leave Ordinance ("CMWO"), § 6-105-010, *et seq*., of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiff, and other similarly situated employees, overtime compensation for hours worked over forty (40) in a workweek. Plaintiff, and other similarly situated employees, are current and former cooks, food preparers and kitchen staff employees for Defendants' Dublin's Bar & Grill restaurant.

2. Plaintiff brings his FLSA claim as a collective action under 29 U.S.C. § 216(b). Plaintiff's consent form to act as the representative party in this collective action is attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff Jose Vielman Gomez Carreto ("Gomez") is a former employee of Defendants' Dublin's Bar & Grill restaurant located at 1050 North State Street in Chicago, Illinois. Plaintiff Gomez worked as a cook, food preparer and kitchen staff employee at Defendants' restaurant from approximately September, 2022 through March 17, 2026.

6. During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, tools and cleaning products which moved in interstate commerce prior to being used or purchased in Illinois.

7. Plaintiff resides in and is domiciled in this judicial district.

8. Defendant Dublin Bar And Grill, Inc. ("Dublin") is an Illinois corporation that operates the Dublin's Bar & Grill restaurant on North State Street in Chicago, Illinois and is engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on and off its premises.

9. Defendant Dublin is registered in Illinois as a corporation and its officers, registered agent and registered office are located within this judicial district.

10. Defendant Dublin has earned more than $500,000 in annual gross revenue during 2023 - 2026.

11. Defendant, Freydoun Chamanara ("Chamanara"), is the owner of the Dublin's Bar & Grill restaurant business and he is the officer and owner of the business' operating entity, Defendant, Dublin Bar And Grill, Inc.

12. Defendant Marcos Castillo ("Castillo"), is a manager of the Dublin's Bar & Grill restaurant.

13. At all times relevant to this action, Defendants Chamanara and Castillo possessed extensive oversight over the Dublin's Bar & Grill restaurant business operations. Defendants Chamanara and Castillo were the ultimate decision-makers with respect to Defendants' payroll and wage and hour practices; they possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

14. Defendants Chamanara and Castillo reside in and are domiciled within this judicial District.

**COMMON ALLEGATIONS**

15. During the period from at least March, 2023 through March 17, 2026, Plaintiff Gomez regularly worked five (5) or six (6) days per week at Defendants' Dublin's Bar & Grill restaurant including Monday, Wednesday through Friday, and Sunday from 6:00 p.m. to at least 4:00 a.m., and Saturday from 6:00 p.m. to at least 5:00 a.m. He typically did not work on Tuesday, plus one additional day off when he worked a five-day workweek.

16. Based on his schedule, Plaintiff Gomez regularly worked at least fifty-one (51) or sixty-one (61) hours in individual workweeks from March, 2023 through March 17, 2026.

17. Defendants paid Plaintiff on an hourly basis at the rate of $17.00 per hour during the period from March, 2023 through July, 2023, and $18.00 per hour thereafter.

18. Defendants did not compensate Plaintiff, and other non-exempt cooks, food preparers and kitchen staff employees, at one and one-half times their regular hourly rates of pay for hours worked in excess of forty (40) in individual workweeks.

19. Prior to the pay period ending March 1, 2026, Defendants never paid Plaintiff, and other non-exempt cooks, food preparers and kitchen staff employees, an overtime premium when they worked more than forty (40) hours in a workweek.

20. Prior to the pay period ending March 1, 2026, Defendants paid all of Plaintiff's hours, including all of his overtime compensable hours, at his straight-time hourly rate of pay.

21. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, § 6-105-010 of the CMWO, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for the Plaintiff and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

22. Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated current and former cooks, food preparers and kitchen staff employees that worked for Defendants during the last three years before the filing of this suit.

23. During the last three years before the filing of this suit, Plaintiff, and all other similarly situated current and former cooks, food preparers and kitchen staff employees, have had substantially similar job descriptions, job requirements and pay rates.

24. Plaintiff, and the other similarly situated cooks, food preparers and kitchen staff employees, were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay overtime compensation to cooks, food preparers and kitchen staff employees when they worked in excess of forty (40) hours in an individual workweek.

25. During the last three years before the filing of this suit, Defendants had a common policy, plan and practice of paying cooks, food preparers and kitchen staff employees at their straight-time rates of pay for all hours worked.

26. At all times prior to the pay period ending March 1, 2026, Defendants failed to pay Plaintiff, and other similarly situated cooks, food preparers and kitchen staff employees, at one and one-half times their regular hourly rates of pay when they worked more than forty (40) hours in an individual work week.

27. Plaintiff's claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

28. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

29. There are numerous similarly situated current and former cooks, food preparers and kitchen staff employees who worked for Defendants' Dublin's Bar & Grill restaurant and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

30. The similarly situated current and former cooks, food preparers and kitchen staff employees are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

**COUNT I**
**Violation of the Fair Labor Standards Act – Overtime Wages**

31. Plaintiff hereby incorporates paragraphs 1 through 30 as though stated herein.

32. Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

33. Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 213.

34. During the course of Plaintiff's employment with Defendants, Defendants employed other cooks, food preparers and kitchen staff employees who were similarly not exempt from the overtime wage provisions of the FLSA.

35. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

36. Defendant, Dublin Bar And Grill, Inc., is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

37. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and the other non-exempt cooks, food preparers and kitchen staff employees worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rate of pay for all hours worked over forty (40) in a workweek.

38. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

39. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff and other cooks, food preparers and kitchen staff

employees were scheduled to work and regularly did work substantially more than forty (40) hours in a workweek. Defendants further avoided overtime wage obligations by paying for Plaintiff's work hours after the fortieth hour as "Additional" compensation that was not included with his initial forty hours of work for purposes of calculating overtime, or with unreported cash. Further, Defendants failed to provide Plaintiff with a complete and accurate wage stub, tax forms or other record of hours worked and wages earned. On information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue agencies. Additionally, Defendants otherwise violated the Act's record-keeping regulations.

**WHEREFORE**, the Plaintiff, Jose Vielman Gomez Carreto, on behalf of himself and all other plaintiffs similarly situated, known and unknown, prays for a judgment against Defendants, Dublin Bar And Grill, Inc., an Illinois corporation, Freydoun Chamanara and Marcos Castillo, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorney's fees and costs incurred in filing and prosecuting this actions; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law – Overtime Wages

40. Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

41. Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

42. Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

43. Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

44. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

45. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Jose Vielman Gomez Carreto, prays for a judgment against Defendants, Dublin Bar And Grill, Inc., an Illinois corporation, Freydoun Chamanara and Marcos Castillo, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rates of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D. Reasonable attorney's fees and costs incurred in filing and prosecuting this actions; and

E. Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the Chicago Minimum Wage Ordinance – Overtime Wages**

46. Plaintiff hereby incorporates paragraphs 1 through 21 as though stated herein.

47. Plaintiff was an "employee" under the CMWO § 6-105-010 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 6-105-040.

48. Defendants were each an "employer" as defined in the CMWO § 6-105-010.

49. Under § 6-105-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

50. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 6-105-040.

**WHEREFORE**, the Plaintiff, Jose Vielman Gomez Carreto, prays for a judgment against Defendants, Dublin Bar And Grill, Inc, an Illinois corporation, Freydoun Chamanara and Marcos Castillo, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rates of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorney's fees and costs incurred in filing and prosecuting this actions; and

D. Such other and further relief as this Court deems appropriate and just.

Dated: April 1, 2026

Respectfully submitted,

Jose Vielman Gomez Carreto,
on behalf of himself and all other plaintiffs
similarly situated, known and known,

Plaintiff,

/s/ Timothy M. Nolan

Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com